UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Pamela Lee Bergeson,

           Plaintiff,        Case No. 25-cv-11110

v.                             Judith E. Levy
                               United States District Judge

Michigan Supreme Court, *et al.*,

                               Mag. Judge Anthony P. Patti

           Defendants.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [15] AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [14]**

On July 14, 2025, Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R&R") recommending the Court dismiss this matter for failure to prosecute under Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2. (ECF No. 14.) Plaintiff Pamela Lee Bergeson filed three objections to the R&R. (ECF No. 15.) For the reasons set forth below, Plaintiff's objections (ECF No. 15) are OVERRULED, the R&R (ECF No. 14) is ADOPTED, and the case is DISMISSED.

I. **Background**

The background set forth in the R&R is fully adopted as though set forth in this Opinion and Order. (*See id.* at PageID.56–57.)

II. **Legal Standard**

A party may object to a magistrate judge's report and recommendation, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### III. Analysis

As noted, the R&R recommends that the case be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2. (ECF No. 14.) Plaintiff presents three objections to the R&R. (ECF No. 15.) The Court addresses each objection below. The Court finds that the objections fail.

#### A. Objection Number One

Plaintiff first objects to the portion of the R&R that states:

It seems that Plaintiff's failure to submit the required service documents or respond to the order to show cause is the result of willfulness, bad faith or fault. If Plaintiff is not receiving the Court's orders mailed to her address of record,

3

it is upon her to keep the Court apprised of any change in address . . . .

(ECF No. 14, PageID.58; ECF No. 15, PageID.61.)

In her objection, Plaintiff states that her financial situation impacted her ability to submit the required service documents by the applicable deadline. (ECF No. 15, PageID.61.) She states that she was "sourcing the correct form to request a one week extension." (*Id.*) Plaintiff also states that outside circumstances affected her ability to receive mail, including mailings from the Court. (*Id.*)

The Court sympathizes with Plaintiff's situation; however, Plaintiff does not identify an error in the R&R that provides a basis for the Court to reject the R&R. Plaintiff does not dispute that she failed to submit the required service documents. She did not ask for more time to complete those documents. (*See* ECF No. 8.) Nor did she respond to the show cause order that warned her about the possibility of the dismissal of the case for failure to prosecute. (ECF No. 13.) Plaintiff does not demonstrate that the R&R is incorrect. Accordingly, Plaintiff's first objection is overruled.

### B. Objection Number Two

In her second objection, Plaintiff objects to the following sentence in the R&R: "Taking into consideration that the Court has imposed two deadlines on Plaintiff which she has failed to meet (ECF Nos. 8 and 13), Defendants are prejudiced by having to spend any time and money on a case that Plaintiff appears to have abandoned." (ECF No. 14, PageID.58; ECF No. 15, PageID.62.) Plaintiff's objection discusses personal hardships that she has experienced. (ECF No. 15, PageID.62.)

The Court still sympathizes with Plaintiff's situation. But Plaintiff again fails to demonstrate that the R&R is flawed. Plaintiff does not point to a factual or legal mistake in the portion of the R&R she challenges. She does not dispute that she failed to meet two deadlines imposed by the Court. And she does not show that Defendants are not prejudiced "by having to spend . . . time and money on a case that Plaintiff appears to have abandoned." (ECF No. 14, PageID.58; ECF No. 15, PageID.62.) Accordingly, Plaintiff's second objection is overruled.

### C. Objection Number Three

In her third objection, Plaintiff takes issue with language that appears in a footnote in the R&R. The entire footnote states:

> I note that if this case is not dismissed for failure to prosecute, I would nonetheless issue a Report and Recommendation dismissing the case, in whole or in part, pursuant to 28 U.S.C. § 1915(e)(2)(B), which governs screening complaints by non-prisoners. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."). *See also Dillard v. Michigan*, No. 1:21-CV-11257, 2022 WL 125523, at *2 (E.D. Mich. Jan. 12, 2022) (Ludington, J.) (quoting *In re Prison Litig. Reform Act*). Plaintiff's case is filed against several Defendants who are immune from suit, and the Court would also need to screen the amended complaint to ensure it is not "frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(i),(ii).

(ECF No. 14, PageID.59 n.2 (alteration in original).)

Plaintiff challenges the following language that appears toward the end of the footnote quoted above: "Plaintiff's case is filed against several Defendants who are immune from suit." (*Id.*; ECF No. 15, PageID.62.) Plaintiff argues in her third objection that

6

> [t]he Judge, Attorneys, Sheriff and Court Officers lack immunity when they violate the law. The Tucker Act exposes the government to liability for certain claims. Specifically, the Act extended the court's jurisdiction to include claims for liquidated or unliquidated damages arising from the Constitution (including takings claims under the Fifth Amendment), a federal statute or regulation, and claims in cases not arising in tort.

(ECF No. 15, PageID.62.)

Plaintiff's objection is improper to the extent it raises a new argument or issue that was not presented to Magistrate Judge Patti. "Parties cannot 'raise at the district court stage new arguments or issues that were not presented' before the magistrate judge's final R&R." *Meddaugh v. Gateway Fin. Serv.*, 601 F. Supp. 3d 210, 213 (E.D. Mich. 2022) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)); *see Little v. Williams*, No. 22-12222, 2025 WL 2544002, at *6 (E.D. Mich. Sept. 4, 2025) ("The general rule is that district judges will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation." (collecting cases)); *Daniel v. Fighter-Daniel*, No. 24-cv-11218, 2025 WL 1879874, at *2 (E.D. Mich. July 8, 2025) ("Because these matters were

7

never presented before the magistrate judge, they are not considered here." (internal citation omitted)).

Even if the Court were to consider Plaintiff's objection, the objection is denied. The challenged language in the R&R supports the R&R's assertion that "if this case is not dismissed for failure to prosecute, [Magistrate Judge Patti] would nonetheless issue a Report and Recommendation dismissing the case, in whole or in part, pursuant to 28 U.S.C. § 1915(e)(2)(B), which governs screening complaints by non-prisoners." (ECF No. 14, PageID.59 n.2.) At this time, there is no Report and Recommendation to dismiss the case under § 1915(e)(2)(B). Plaintiff's argument relates to dismissal under that statute, an issue that is not before the Court. Plaintiff's objection does not show that it is improper for the Court to adopt the R&R's recommendation to dismiss the case for failure to prosecute. Accordingly, Plaintiff's third objection is overruled.

## IV. Conclusion

For the reasons set forth above, Plaintiff's objections (ECF No. 15) are OVERRULED. The R&R (ECF No. 14) is ADOPTED, and the case

is DISMISSED for failure to prosecute under Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2.

IT IS SO ORDERED.

Dated: September 30, 2025  s/Judith E. Levy
    Ann Arbor, Michigan  JUDITH E. LEVY
                                                    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2025.

                                                 s/William Barkholz
                                                 WILLIAM BARKHOLZ
                                                 Case Manager